RICARDO PEREZ, ESQ. (SBN 275480)
THE LAW OFFICE OF RICARDO PEREZ
10919 Lakewood Boulevard, Suite 203
Downey, CA 90241
Telephone: (562) 862-1700
Facsimile: (562) 862-1722

Attorney for PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ESCOBEDO MARTINEZ, individually and as successor-in-interest to the ESTATE OF WENDY CAROLINE MARTINEZ, deceased;  RAMON MARTINEZ, individually and as successor-in-interest to the ESTATE OF WENDY CAROLINE MARTINEZ, deceased;<br><br>        Plaintiff,<br><br>vs.<br><br>MOTEL 6 OPERATING L.P., G6 HOSPITALITY LLC; and DOES 1 - 100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. Negligence**<br>**2. Premises Liability**<br>**3. Negligent Hiring, Retention, and Supervision**<br>**4. Negligent Infliction of Emotional Distress**<br>**5. Loss of Consortium**<br>**6. Wrongful Death**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs BLANCA ESCOBEDO MARTINEZ and RAMON MARTINEZ, individually and as heirs and Successors-in-Interest to the Estate of WENDY CAROLINE MARTINEZ, deceased, (collectively referred to as "PLAINTIFFS") for causes of action against Defendants MOTEL 6 OPERATING L.P. ("MOTEL 6"); G6 HOSPITALITY LLC ("G6"); and DOES 1 to 100, inclusive (collectively referred to as "DEFENDANTS"), who hereby complain and allege as follows:

## SUMMARY OF ALLEGATIONS

1.      On March 3, 2015, at approximately 11:35 a.m., WENDY CAROLINE MARTINEZ, a 17-year-old minor, entered the Motel 6 location in the North Hills Neighborhood of Los Angeles, California.

2.      Once WENDY entered the property, she went into room 216.   Despite the notorious criminal activity conducted both inside and immediately surrounding the motel, MOTEL 6 failed to respond and/or address the safety concerns or intervene to aid WENDY.

3.      MOTEL 6 rented a room to Louie Lopez, a convicted felon who was on probation and known to use the MOTEL 6 location to conduct illegal activities, including, but not limited to, narcotics sales.  Indeed, Louie Lopez had an active criminal case in the Los Angeles Superior Court and was on probation.

4.      At approximately 11:35 a.m., despite the obvious appearance of being a minor and therefore legally required to be at school, WENDY was allowed to enter the MOTEL 6 location without any questioning from MOTEL 6 staff.

5.      Once WENDY was inside of the motel room, Louie Lopez fatally shot her in the face with a handgun.

6.      MOTEL 6 staff witnessed Lopez exit the room drenched in blood.  A Motel 6 employee entered the room and witnessed WENDY using her hands to press against the gunshot wound to her face to prevent the blood from flowing out.

7.      Despite the obvious need for medical attention, MOTEL 6 staff failed to provide any type of first aid to WENDY.  In fact, MOTEL 6 staff failed to immediately call 9-1-1 to seek emergency medical attention.

8.      Instead of immediately requesting medical services, MOTEL 6 staff conferred with each other and delayed over 20 minutes before calling for emergency medical attention.

9.      WENDY collapsed to the floor and lost consciousness.  Tragically, WENDY lost her life.

10.      Without the implementation of adequate security measures by DEFENDANTS, and each of them, WENDY was inappropriately exposed to the aggressive acts of violent

COMPLAINT FOR DAMAGES

criminals.  The bottom line is that the DEFENDANTS failed to take reasonable steps to prevent the attack on WENDY.  These steps include, but are not limited to:

    a.    The presence of uniformed security in the parking lot;

    b.    Presence of security at or near the entrance to the property;

    c.    Refusing to grant access to the premises (both inside the motel and in the parking lot) to known criminals or gang members;

    d.    Eviction from both the property and parking lot of those persons exhibiting disorderly conduct, engaging in criminal activity or those person exhibiting violent conduct;

11.    PLAINTIFFS also are informed and believe, and hereon allege, that there were various other similar incidents (including violent felonies) since at least 2005 that put the DEFENDANTS on notice of such a dangerous and unsafe condition of property inside of the motel property, including the parking lot.  DEFENDANTS also had prior knowledge that known members of gangs and other criminals actively used the MOTEL 6 location to meet, plan, and carry out criminal activity.  Consequently, the DEFENDANTS had prior notice that the MOTEL 6 location was unsafe for guests such as WENDY and could have been prevented the attack by and through reasonable measures including, but not limited to adequate security.

12.    DEFENDANTS, and each of them, and DOES 1-100, with full knowledge of these dangerous conditions, carelessly failed to properly allocate funds for security at the location.  This lack of proper security, inadequate conditions, and the knowledge of criminal elements, was the substantial factor that caused injury to PLAINTIFF WENDY CAROLINE MARTINEZ.  In addition, DEFENDANTS' actions and/or omissions constituted malice, oppression, and/or a willful and conscious disregard of the rights and safety of PLAINTIFFS pursuant to California Code of Civil Procedure § 3294 entitling PLAINTIFFS to punitive damages.  These punitive damages should serve to punish DEFENDANTS for their conscious disregard of safety and to discourage similar conduct in the future.

## **THE PARTIES**

13.     WENDY CAROLINE MARTINEZ was a resident of Los Angeles, in the County of Los Angeles, State of California during all times relevant to this Complaint.  On the date of her death, March 3, 2015, WENDY CAROLINE MARTINEZ was seventeen years old.  Decedent left behind two heirs, her biological mother, BLANCA MARTINEZ and her biological father, RAMON MARTINEZ.

14.     Plaintiffs BLANCA MARTINEZ and RAMON MARTINEZ bring and maintain the present action and all claims asserted herein individually and on behalf of Decedent WENDY CAROLINE MARTINEZ pursuant to California Code of Civil Procedure Section 377.20.

15.     Plaintiff BLANCA MARTINEZ is and at all times relevant to this complaint was a resident of Los Angeles, in the County of Los Angeles, State of California.   BLANCA MARTINEZ brings this action on behalf of herself and as representative of the ESTATE OF WENDY CAROLINE MARTINEZ.

16.     Plaintiff RAMON MARTINEZ is and at all times relevant to this complaint was a resident of Los Angeles, in the County of Los Angeles, State of California.   RAMON MARTINEZ brings this action on behalf of himself and as representative of the ESTATE OF WENDY CAROLINE MARTINEZ.

17.     Defendant MOTEL 6 at all times herein mentioned is a Delaware corporation, authorized to conduct business and conducting business in the State of California, with its principal place of business located at 4001 International Parkway, Carrollton, Texas, 75007.

18.     Defendant G6 HOSPITALITY LLC at all times herein mentioned is a Delaware corporation, authorized to conduct business and conducting business in the State of California, with its principal place of business located at 4001 International Parkway, Carrollton, Texas, 75007.

19.     Defendant DOES 1-5 were officials of MOTEL 6 all times relevant to the incidents as alleged in this complaint.

20.     Defendant DOES 6-10 were officials with G6 all times relevant to the incidents as alleged in this complaint.

- 4 -

**JUDRISDICTION AND VENUE**

21.     Plaintiffs bring this complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(AS AGAINST DEFENDANTS)**

22.     Plaintiffs re-allege and incorporate each of the preceding paragraphs as though fully set forth herein.

23.     Defendants, and each of them, and Does 1-10, breached their duty of care by failing to take reasonable steps to ensure the safety of WENDY CAROLINE MARTINEZ and prevent her from being exposed to a dangerous condition while inside the Motel 6 premises on March 3, 2015.

24.     Defendants, and each of them, and Does 1-10, breached their duty of care by failing to take reasonable steps to ensure the safety of WENDY CAROLINE MARTINEZ and prevent her from being exposed to criminal activity while inside the Motel 6 premises on March 3, 2015.

25.     Defendants, and each of them, and Does 1-10, breached their duty of care owed to WENDY CAROLINE MARTINEZ because Defendants had reason to know of gang and other criminal activity on its premises.  As a result of such knowledge, Defendants and each of them had a duty to take reasonable security precautions for the benefit of the people entering the Motel 6 premises.

26.     Plaintiffs are informed and believe and thereon allege that there are numerous calls for service to the Motel 6 premises due to the criminal activity in and surrounding the Motel 6 premises.

27.     Plaintiffs are informed and believe and thereon allege that Defendants had knowledge of prior criminal acts and the probability of injury arising from them.  Defendants failed to take affirmative steps to control the wrongful conduct.

28.     Defendants had knowledge of the presence of notorious guests and criminal activity in the Motel 6 premises.  In spite of this knowledge, Defendants failed to take adequate measures to protect people entering their premises.

29.     As a proximate result of Defendants' negligence, WENDY CAROLINE MARTINEZ suffered death.  Plaintiff's damages will be proven at the time of trial in this matter.

30.     As a direct and proximate result of Defendants' conduct, Plaintiffs Blanca and Ramon Martinez have been caused the loss of future services, earnings, and protections of WENDY CAROLINE MARTINEZ and have been deprived of consortium, society and comfort of Daughter WENDY CAROLINE MARTINEZ to their great loss and damage in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

**<u>(AS AGAINST ALL DEFENDANTS)</u>**

31.     Plaintiff incorporates by reference paragraphs 1-29 of this complaint as though fully set forth herein.

32.     The SUBJECT PROPERTY refers to Motel 6 located in Los Angeles, California, where this incident occurred.

33.     At all times herein mentioned DEFENDANTS and each of them were the owners and operators of the SUBJECT PROPERTY.

34.     DEFENDANTS and each of them as the owners and/or occupiers of land owe a general duty to exercise ordinary care for the safety of persons who come upon the property.

35.     Defendants had knowledge of the presence of notorious guests and criminal activity in the Motel 6 premises.  In spite of this knowledge, Defendants failed to take adequate measures to protect people entering their premises.

36.     As a proximate result of Defendants' negligence, WENDY CAROLINE MARTINEZ suffered death.  Plaintiff's damages will be proven at the time of trial in this matter.

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

**(AS AGAINST ALL DEFENDANTS)**

37.     Plaintiffs re-allege and incorporate each of the preceding paragraphs as though fully set forth herein.

38.     Defendants had a duty to WENDY CAROLINE MARTINEZ to hire personnel who were well-trained, including security personnel, who were competent to prevent any injury to persons inside of the Motel 6 premises as a result of criminal activity;

39.     Defendants failed or refused to properly hire, screen, train, and/or supervise those members of staff to carry out their duties in a manner that was well trained and competent.

40.     Defendants failed to train and/or supervise the staff in ensuring that the Motel 6 premises were free of known criminals and/or criminal activity.

41.     As a proximate result of Defendants' failure to properly hire, screen, train and/or supervise those staff members, WENDY CAROLINE MARTINEZ suffered death.  Plaintiff's damages exceed the jurisdictional amount of this Court and will be proven at the time of trial in this matter.

42.     As a direct and proximate result of Defendants' conduct, Plaintiffs Blanca and Ramon Martinez have been caused the loss of future services, earnings, and protections of WENDY CAROLINE MARTINEZ and have been deprived of consortium, society and comfort of Daughter WENDY CAROLINE MARTINEZ to their great loss and damage in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(AS AGAINST ALL DEFENDANTS)**

43.     Plaintiffs re-allege and incorporate each of the preceding paragraphs as though fully set forth herein.

44.     Defendants owed Plaintiffs a duty to conduct their business activities, including monitoring, supervising, and controlling the Motel 6 premises, in a reasonably safe manner so as

COMPLAINT FOR DAMAGES

not to cause injury to others.  Further, Defendants, owed Plaintiffs a duty to train and supervise their employees to conduct themselves in a reasonably safe manner so as not to injure others.

45.     As a proximate result of Defendants' negligence, Defendants created a foreseeable risk of physical injury to Plaintiffs and as a result, WENDY CAROLINE MARTINEZ suffered death, and Plaintiffs have suffered substantial, severe, and enduring emotional distress in an amount to be determined at trial.

46.     As a direct and proximate result of Defendants' conduct, Plaintiffs Blanca and Ramon Martinez have been caused the loss of future services, earnings, and protections of WENDY CAROLINE MARTINEZ and have been deprived of consortium, society and comfort of Daughter WENDY CAROLINE MARTINEZ to their great loss and damage in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### LOSS OF CONSORTIUM
### (AS AGAINST ALL DEFENDANTS)

47.     Plaintiffs re-allege and incorporate each of the preceding paragraphs as though fully set forth herein.

48.     As a direct and proximate result of Defendants' conduct, Plaintiffs Blanca and Ramon Martinez have been caused the loss of future services, earnings, and protections of WENDY CAROLINE MARTINEZ and have been deprived of consortium, society and comfort of their daughter WENDY CAROLINE MARTINEZ to their great loss and damage in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### WRONGFUL DEATH
### (AS AGAINST ALL DEFENDANTS)

49.     Plaintiffs re-allege and incorporate each of the preceding paragraphs as though fully set forth herein.

50.     At all times herein mentioned, BLANCA ESCOBEDO MARTINEZ AND RAMON MARTINEZ were legally related to Decedent, WENDY CAROLINE MARTINEZ.

- 8 -

51.     As a further direct and proximate cause of the death of WENDY CAROLINE MARTINEZ, the Plaintiffs have been permanently deprived of WENDY CAROLINE MARTINEZ's love, care, companionship, comfort, services, society, solace, contributions, financial support, physical assistance, affection and moral support, all to their damage in an amount in excess of the minimum jurisdiction of this court and according to proof.

52.     By reason of Defendants' conduct, Plaintiffs have incurred funeral and burial expenses in such amounts as will be proven at the time of trial.  Plaintiffs have lost the use of interest on the money owed, from the dates of their respective decedent's death until judgment as follows: funeral and burial expenses, loss of support, pecuniary value of the loss of love, care, companionship, comfort, services, society, solace and moral support.

53.     Plaintiffs seek prejudgment interest as prescribed by California law upon any and all damages sustained herein above alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a jury trial and for judgment against Defendants, and each of them, as follows:

1. For past, present and future general damages in an amount to be determined at trial;

2. For past, present and future special damages, including but not limited to past, present and future medical expenses; lost earnings or earning capacity, and other economic damages, in an amount to be determined at trial;

3. For costs of suit;

4. For interest as allowed by law;

5. For such other and further relief as the court may deem proper.

Dated: March 2, 2017

By: _____
        Ricardo Perez, Esq.
        Attorney for Plaintiffs

- 9 -

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury trial of this matter.

3

4

Dated: March 2, 2017

5

By: _____

6

Ricardo Perez, Esq.
Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28